# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBBIN JAMES BUSCHER,<br><br>Defendant. | 2:05-CR-201 JCM (RJJ)<br>2:06-CV-1339 JCM (RJJ)<br><br>Date:    N/A<br>Time:    N/A |

**ORDER**

Presently before the court is Robbin James Buscher's motion pursuant to 28 U.S.C. §2255 to vacate, set aside, or correct sentence by a person in federal custody (#33). The government filed its response (#35) on March 13, 2007.

Mr. Buscher pled guilty to nine counts of bank robbery pursuant to a plea agreement with the government. On November 18, 2005, the court sentenced him to 63 months of imprisonment, followed by three years of supervised release. Additionally, he was ordered to pay $900 in special assessment fees and $13,333 in restitution.

Mr. Buscher brings three claims for post-conviction relief under §2255, all based on ineffective assistance of counsel. First, he argues he did not receive a psychological evaluation despite requests from his mother to the FBI special agent, his counsel, and pre-trial services. He alleges he was later diagnosed with a medical condition that could have been a mitigating factor for his criminal behavior. Second, he argues his counsel failed to investigate and follow through for his bond hearing. Third, he argues he was diagnosed with hypothyroidism after his sentencing, but

**James C. Mahan**
**U.S. District Judge**

1  before the judgment was entered. At the doctor's suggestion, he attempted to contact his counsel,
2  but did not receive a reply until the window to appeal or request a sentence modification had passed.
3  Counsel also failed to consult with the doctor.

4  In order to demonstrate ineffective assistance of counsel, a defendant must show: (1) his
5  counsel's performance was deficient; and (2) the deficient performance prejudiced his defense.
6  *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Furthermore, because of the difficulties in
7  evaluating attorney performance in hindsight, courts considering ineffective counsel claims "indulge
8  a strong presumption that counsel's conduct falls within the range of reasonable professional
9  assistance." *Id.* at 689.

10
11  Count 1, Failure to Obtain a Mental Examination

12  Mr. Buscher has failed to show ineffective assistance of counsel. "Where counsel is on notice
13  that his client may be mentally impaired, counsel's failure to investigate his client's mental condition
14  as a mitigating factor in a penalty phase hearing, without a supporting strategic reason, constitutes
15  deficient performance." *Hendricks v. Calderon*, 70 F.3d 1032, 1043 (9th Cir. 1995).

16  Although Mr. Buscher's mother indicated that she thought he was depressed, there is no
17  evidence on the record he suffered from a mental impairment. Furthermore, the defendant did not
18  report a history of mental or emotional problems and did not display any emotional problems during
19  the presentence interview. As such, there was no deficient performance because counsel was not on
20  notice of Mr. Buscher's alleged mental impairment.

21
22  Count 2, Failure to Follow Through with Bond Hearing

23  Mr. Buscher also fails to provide sufficient details to support his claim that his counsel failed
24  to follow through with his bond hearing. Under Rule 2 of the Rules Governing §2255 Proceedings,
25  a motion must specify all grounds available for relief and state the facts supporting each ground.
26  Here, Mr. Buscher claims his counsel "failed to investigate and follow through with [his] Bond
27  hearing." (Def.'s Mot. 6). He states counsel "admitted her failure to follow through with [his]
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  request" and the admission can be found in the court records of the plea hearing. (Def.'s Mot. 6).

2  From these facts, the Court is unable to determine what request counsel failed to pursue or
3  whether counsel's performance was in fact deficient. Additionally, even if counsel admitted to
4  deficient performance, Mr. Buscher has failed to show this deficient performance prejudiced his
5  defense. On the contrary, the facts show counsel's conduct was within the range of "reasonable
6  professional assistance" when she negotiated the plea agreement in light of the evidence presented,
7  including Mr. Buscher's own admissions.

9  <u>Count 3, Failure to Present Issue of Hypothyroidism for Sentencing Modification</u>

10  Mr. Buscher has failed to show his counsel's performance fell below an objective standard
11  of reasonableness. After he was apprehended, Mr. Buscher waived his *Miranda* rights and confessed
12  to the each of bank robberies. (Plea Mem. 9-10). He explained that he was unemployed, in debt to
13  his family, and needed money to provide for his girlfriend. (Plea Mem. 10). Mr. Buscher even wrote
14  an apology letter to his family and his girlfriend for his conduct. (Plea Mem. 10). As part of the plea
15  agreement, Mr. Buscher also provided a detailed stipulation of the facts for each bank robbery. (Plea
16  Mem. 5-9). Defense counsel's negotiation of a plea agreement with the government does not appear
17  to be unreasonable taking into consideration all of the previously mentioned factors, eyewitness
18  reports, and photographic evidence.

19  Moreover, even if counsel's performance was deficient, the defendant did not suffer any
20  prejudice as a result of this deficiency. Defendant claims his hypothyroidism "...did cause diminished
21  capacity and aberrant behavior contributing to [his] criminal actions." (Def.'s Mot. 6). There is no
22  evidence, however, that he suffered from diminished capacity. Under the Sentencing Guidelines, "a
23  downward departure may be warranted if (1) the defendant committed the offense while suffering
24  from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity
25  contributed substantially to the commission of the offense." U.S.S.G. §5K2.13. "Significantly
26  reduced mental capacity means the defendant, although convicted, has a significantly impaired
27  ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  power of reason; or (B) control behavior that the defendant knows is wrongful." U.S.S.G. §5K2.13,
2  comment. (n. 1).

3  Hypothyroidism is a condition associated with a deficiency in thyroid secretion, resulting in
4  a lowered basal metabolism. *See* Taber's Cycopedic Medical Dictionary, at 879 (16th ed. 1989);
5  *Weigert v. Georgetown University*, 120 F.Supp.2d 1, 7 n.4 (D.D.C. 2000). The psychological
6  dysfunction symptoms that have been described with hypothyroidism include forgetfulness, fatigue,
7  mental slowness, inattention, and emotional lability. Thomas W. Heinrich, M.D. & Garth Grahm,
8  M.D., *Hypothyroidism Presenting as Psychosis: Myxedema Madness Revisited*, PRIMARY CARE
9  COMPANION J. CLINICAL. PSYCHIATRY, 2003, at 262. The predominant affective disorder
10 experienced is depression. *Id.*

11 Even if the defendant experienced these symptoms, they did not affect his ability to control
12 or understand the wrongfulness of his behavior. He knew his actions were wrongful and wrote an
13 apology letter to his family and girlfriend after he was apprehended. (Plea Mem. 10). The defendant
14 said he was in debt to his family and needed money to provide for his girlfriend. (Plea Mem. 10). Mr.
15 Buscher, therefore, did not commit bank robbery because of reduced mental capacity, but rather
16 because he wanted and/or needed the money. Thus, the defendant did not suffer from a significantly
17 diminished mental capacity and any deficient performance by counsel did not prejudice his defense.

18 For the foregoing reasons, Mr. Buscher has failed to show his counsel's performance was
19 deficient; and/or that any deficient performance prejudiced his defense. Having reviewed the motion
20 (#33), all the relevant filings in this case and for good cause shown:

21 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Mr. Buscher's motion to
22 vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 (#33) be, and the same hereby is,
23 DENIED.

24 DATED this 3rd day of August, 2007.

25
26  _____
27  UNITED STATES DISTRICT JUDGE
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**

- 5 -